AYRES, Judge.
Plaintiff, as a former coroner of Caddo Parish, Louisiana, seeks, by this declaratory action, a judgment recognizing him as a proper beneficiary under the provisions of the statute, LSA-R.S. 33:6101 et seq., appertaining to the Parochial Employees’ Retirement System of Louisiana, and reinstatement as such beneficiary as of September 1, 1964.
Through election and successive reelections, plaintiff served continuously as coroner of the aforesaid Parish and State from January, 1916, to July 1, 1961, when he retired. Upon retirement, plaintiff was recognized by defendant board as a qualified beneficiary under the provisions of the aforesaid statute. Benefits in accordance therewith were paid him from the date of his retirement through September 1, 1964, when the board determined that he was ineligible and removed him from its rolls as a beneficiary. Upon refusal of the board to reinstate plaintiff as a beneficiary and to recognize his entitlement to the benefits allegedly accorded him by the statute, this action was instituted.
The defense urged was that plaintiff is without right to receive compensation from Caddo Parish for services required to be performed by the office of coroner, the office from which plaintiff retired, and at the same time receive the retirement benefits conferred by the statute.
One of the questions originally presented was whether a retired coroner may receive fees from the Police Jury for independent services performed by him as a physician and forensic pathologist without prejudice to his rights as a beneficiary under the Parochial Employees’ Retirement System of Louisiana. During the course of the trial defendant conceded that the receipt of fees for services rendered as a pathologist would not disqualify plaintiff as a beneficiary. The basis of defendant’s contention of plaintiff’s disqualification was therefore limited to the question of fees received by him for services in connection with commitments of patients to mental institutions.
From a judgment granting plaintiff the relief prayed for, defendant prosecutes this appeal.
Coroners and their assistants became eligible for membership in this retirement system in 1954. LSA-R.S. 33:6137, subd. A. Plaintiff complied with the requirements and became a member of this system. “Any member upon withdrawal from service * * * [after compliance with and completion of certain requirements of the statute], shall be entitled to receive a retirement allowance which shall begin as of the date the member’s application for the said allowance is received by the board, but in no event before withdrawal from service.” LSA-R.S. 33:6171.
No contention is made that plaintiff did not, at the time of his withdrawal from service, meet the requirements for eligibility as a beneficiary. The position of the defendant is that the funds paid by the Police Jury to plaintiff for services in commitment matters and for testimony in court served to reinstate him as an employee or other compensated servant of the Parish, and, hence, there cannot be said to be a withdrawal by him from service, as required by the statute, to make him eligible for retirement benefits thereunder.
An application to the superintendent for admission to an appropriate institution for treatment may be voluntary on the part of a mentally ill, inebriate, or epileptic person (LSA-R.S. 28:51) or on an application by a near relative, or in the absence of a relative, a friend, curator, or other responsible person (LSA-R.S. 28:52). This section of the statute further provides that the application “shall be accompanied by a certificate of the coroner and one other qualified 'physician stating that they have examined the patient within three days of the applica *178 tion and that he is in need of observation or care in an institution.” (Emphasis supplied.) For these services, the coroner and the physician are each paid a fee of $10 by the Police Jury. LSA-R.S. 33:1558.
No fees are payable for examinations and investigations of cases where no commitment is made. From an examination of an average of 2,000 persons annually for the last 50 years, testified Dr. Butler, an average of approximately 400 resulted in commitments.
From his extensive and intensive training, vast experience, and profound knowledge of mental diseases, plaintiff’s services were sought and utilized not only by the officials of Caddo Parish but by many others as well, both inside and outside the State of Louisiana. These services, particularly those concerned here, were performed by plaintiff in a private capacity as an independent physician, just as would have been the case had any other physician engaged in private practice been called. Plaintiff has neither an official nor an employment relationship with the Parish of Caddo or its governing authority. The sole ■concern of the governing authority in such matters is the payment of the statutory fees to individual physicians for their services; its limited function in this respect neither arises from nor gives rise to any relationship that may be characterized as official employment or other similar association.
The record discloses, however, that plaintiff has, for reasons personal to himself, such as a likelihood of his inability, probably because of his advanced age, to keep informed of the progress or improvement in the condition of those committed to mental institutions, declined to continue services of this nature. Notice of his decision was given interested parties. This, the defendant concedes, removes any contention as to plaintiff’s qualifications to receive retirement benefits in the future. Nevertheless, we are of the opinion that plaintiff’s aforesaid professional activities in his individual and private capacity did not reinstate him either as an official, employee, or other compensated servant of Caddo Parish; hence, as found by the trial court, the board’s determination that plaintiff was ineligible for retirement benefits was erroneous.
Accordingly, for the reasons assigned, the judgment appealed is affirmed.
Affirmed.